**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| FUNSO HASSAN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-23-CV-41-KC |
| | § | |
| WARDEN HIJAR, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Funso Hassan, federal prisoner number 18033-032, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1.[1] He claims the Bureau of Prisons (BOP) has abused its discretion by misinterpreting a statute—18 U.S.C. § 3632(d)(4)(E)—and asserting an immigration detainer prevents it from applying Hassan's accumulated good time credits toward his "earlier transfer to supervised release" under the First Step Act (FSA). *Id*. at 2, 3. His petition is denied because it appears from its face and the attached exhibits that he is not entitled to § 2241 relief.

## BACKGROUND

Hassan is a 34-year-old Nigerian national serving a 120-month sentence for conspiracy to defraud the United States and using interstate or foreign commerce to distribute the proceeds of a racketeering activity. *See United States v. Hassan*, 1:15-cr-00055-LG-7 and 1:16-cr-00027-LG-1 (S.D. Miss.). He is currently confined at the La Tuna Federal Correctional Institution in Anthony, Texas.[2] *See* www.bop.gov/inmateloc (search for Reg. 18033-032, last visited Feb. 1, 2023). His

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] Anthony is located in El Paso County, Texas, which is within the jurisdiction of the Western District of Texas. 28 U.S.C. § 124(d)(3).

projected release date is December 20, 2023. *Id*.

Hassan claims he participates in Evidence Based Recidivism Programs (EBRR) and Productive Activities (PA). Pet'r's Pet., ECF No. 1 at 2, 12, 13, 18. He also claims he maintains a low or minimum Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) score. *Id*. at 25. As a result, he reports he has accumulated 366 days of good time credits—including credits earned under the FSA. *Id.* at 16. He believes he is entitled to early placement in prerelease custody or supervised release under the FSA. *Id*. at 2, 3. He concedes the Department of Homeland Security has issued an immigration detainer and "initiated an investigation to determine whether he is subject to removal." *Id*. at 10. He asserts the BOP has erroneously interpreted 18 U.S.C. § 3632(d)(4)(E)—which makes a prisoner subject to a final order of removal ineligible to apply certain time credits toward his early release—to deny him an "earlier transfer to supervised release" based solely on the detainer. *Id*. at 3. He asks the Court to intervene and ensure the BOP applies all his credits toward his early placement in prerelease custody or supervised release. *Id.* at 5.

The Court observes Hassan has failed to include the $5.00 filing fee or an application to proceed *in form pauperis* with his petition. It will waive the fee, however, in the interest of expediting the processing of his claim.

## APPLICABLE LAW

A petitioner may challenge "the execution of his sentence" in the district court with jurisdiction over his custodian through a § 2241 habeas petition. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). To prevail, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

When a district court receives a § 2241 petition, it accepts a petitioner's allegations as true during its initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under more a lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556.

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rules Governing § 2254 Cases in the United States District Courts, Rule 1(b). According to the rules, a court may conduct a preliminary review and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. But a court may not summarily dismiss a petition which contains factual allegations pointing to a "real possibility of constitutional [or statutory] error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**ANALYSIS**

**A. Exhaustion**

Hassan admits he "has not exhausted administrative remedies." Pet'r's Pet., ECF No. 1 at 3. But he asserts "the BOP is maliciously misinterpreting the clear text of the relevant statutes, as well as congressional intent when they passed the First Step Act." *Id*. He also suggests the amount of time required to go through the review process would exceed his projected release date. *Id*. He argues any "attempt to exhaust his administrative remedy would be futile." *Id*.

The Court notes that a prisoner must generally exhaust all administrative remedies which

might provide appropriate relief before filing a habeas petition. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The Court further notes, however, that the Fifth Circuit Court of Appeals has held a prisoner challenging the constitutionality of a BOP regulation that excludes alien prisoners with immigration detainers from participating in programs which could result in a reduction in their sentences is not required to exhaust administrative remedies before pursuing a request for habeas relief. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (citing *Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010) (explaining the court had subject-matter jurisdiction over § 2241 claim seeking admission into drug rehabilitation program). Because Hassan is similarly challenging a BOP interpretation of a statute and a BOP regulation, the Court will not require him to exhaust his administrative remedies before considering the merits of his claim.

**B. Merits**

Hassan maintains the BOP has abused its discretion and erroneously interpreted 18 U.S.C. § 3632(d)(4)(E) to deny him an "earlier transfer to supervised release" despite his accumulated good conduct credits. Pet'r's Pet., ECF No. 1 at 3. He asks the Court to intervene in his behalf and ensure the BOP applies all his credits toward his early prerelease custody or supervised release. *Id.* at 5.

The plain and unambiguous language in § 3632(d)(4)(E) states a "[a] prisoner is ineligible to apply time credits [earned under the FSA] if the prisoner is the subject of a final order or removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). Hence, the statute "excludes only prisoners with a final order of removal from eligibility to apply FSA time credits and contains no language that also includes prisoners who are removable or who have

immigration detainers." *Sierra v. Jacquez*, No. 2:22-CV-1509-RSL-BAT, 2022 WL 18046701, at *3 (W.D. Wash. Dec. 27, 2022), *report and recommendation adopted*, No. 2:22-CV-1509-RSL, 2023 WL 184225 (W.D. Wash. Jan. 13, 2023).

Accepting Hassan's claim that he does not have a final order of removal as true, he correctly asserts § 3632(d)(4)(E)(i) does not apply to him. Pet'r's Pet., ECF No. 1 at 3. But he does not consider other statutes and regulations which preclude his early placement in prerelease custody or supervised release. Indeed, other statutes and regulations provide the BOP Director retains the discretion to determine if and when a prisoner will participate in an early release program.

Other statutes provide that, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")); *see also* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States."). Accordingly, only the Attorney General, through the BOP, may compute time credits for prisoners. *Wilson*, 503 U.S. at 334–35; *see also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) ("The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences."); 18 U.S.C. § 3585(b).

The FSA adjusts the way the BOP calculates good-time credits. It increases the maximum number of days inmates could earn per year from 47 to 54. 18 U.S.C. § 3624(b)(1). It gives prisoners the opportunity to earn ten additional days of time credits for every 30 days of successful participation in EBRR programs and PA. *Id.* § 3632(d)(4)(A)(i). It also allows offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of time credits if they do not increase their risk levels over two consecutive assessments. *Id.* § 3632(d)(4)(A)(ii).

But earned time credits—as determined by the BOP—are "applied toward time in prerelease custody or supervised release." *Id.* § 3632(d)(4)(C). And the Director may transfer a prisoner into prerelease custody or supervised release based on earned time credits only in accordance with § 3624. *Id.* § 3624(b),(c). So, under the applicable statutory scheme, the Director retains the discretion to determine whether a prisoner will (1) receive time credits toward the completion of his sentence, and (2) be placed in prerelease custody or supervised release.

In *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194–96 (5th Cir. 2012), the Fifth Circuit Court of Appeals addressed a prisoner's challenge the constitutionality of a BOP regulation which excluded his participation in early release programs based on his status as a non-citizen with a detainer. *Id.* at 194–95; *see also* 28 C.F.R. § 550.55. ("As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: (1) Immigration and Customs Enforcement detainees[.]"). It explained that 18 U.S.C. § 3624 afforded the BOP discretion in deciding whether to grant benefits and did not create a liberty interest in a prisoner's early release. *Id.* at 195. It accordingly held that prisoners—like Gallegos—with immigration detainers did not have due process rights to participate in rehabilitative and early release programs. *Id.* at 194–96. It also found that Gallegos failed to state an equal protection claim because alien prisoners with

6

detainers could not show that their exclusion from participation in BOP early release programs established a that protected class, "alien prisoners, as an identifiable group, are being treated differently from other similarly situated prisoners who are not aliens." *Id*. (citing *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999)). It explained "[t]his is true because, on its face, the statute and regulations classify prisoners—not as aliens and non-aliens—but as those who have [immigration] detainers against them and those who do not." *Id*. at 195–96. It further explained there was "no evidence that the exclusion is motivated by discriminatory intent against aliens," only that "prisoners with detainers are treated differently from prisoners without detainers." *Id*. (quoting *McLean*, 173 F.3d at 1185).

Hassan's assertion that the BOP has wrongfully denied his placement in early prerelease custody or supervised release is foreclosed by *Gallegos-Hernandez*. Because he fails to articulate a constitutional or statutory violation, his § 2241 claim fails.

## CONCLUSIONS AND ORDERS

The Court accordingly concludes that Hassan has no constitutional or statutory right to have the Court ensure the BOP applies all his claimed "First Step Act earned time credits" toward his early placement in prerelease custody or supervised release. The Court further concludes that it appears from the face of Hassan's petition and other pleadings that he is not entitled to § 2241 relief. The Court therefore enters the following orders:

**IT IS ORDERED** that the $5.00 filing fee is **WAIVED**.

**IT IS FURTHER ORDERED** that Hassan's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED** as moot.


**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 3rd day of February, 2023.

_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**